**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Craig Allen Carroll, Appellant.

Appellate Case No. 2017-000972

---

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-241
Submitted May 1, 2019 – Filed July 3, 2019

---

**AFFIRMED**

---

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *In re Matthews*, 345 S.C. 638, 646, 550 S.E.2d 311, 315 (2001) ("On an appeal from the trial court's denial of a motion for a directed verdict, the appellate court may only reverse the trial court if there is no evidence to support the trial court's ruling."); *id.* at 647, 550 S.E.2d at 315 ("In ruling on a motion for directed verdict, the trial court is concerned with the existence of evidence, not its weight."); S.C. Code Ann. § 44-48-30(1) (2018) ("'Sexually violent predator'

means a person who: (a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality *or* personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment." (emphasis added)); S.C. Code Ann. § 44-48-30(3) (2018) (defining mental abnormality as a "condition affecting a person's emotional or volitional capacity that predisposes the person to commit sexually violent offenses"); *Matter of Snow*, 425 S.C. 544, 549, 823 S.E.2d 467, 469 (2019) (holding Section 44-48-30, of the South Carolina Code (2018), does not "limit the State by restricting which . . . disorders it may use to satisfy the second element.  The obvious intent in not defining the term was to leave to medical professionals the task of determining what is—and what is not—a . . . disorder").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.